# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DARRIAN RACHEL,
    Plaintiff,

vs

UNITED DAIRY FARMERS,
    Defendant.

Case No. 1:12-cv-575

Spiegel, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, who resides in Cincinnati, Ohio, has filed a *pro se* complaint. (*See* Doc. 1, Complaint). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the pleading, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at

1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff brings this action against United Dairy Farmers (UDF), a business located in Cincinnati, Ohio. (*See* Doc. 1, Complaint, p. 2). Plaintiff essentially claims that a UDF store employee falsely accused plaintiff of "stealing out of the store." (*Id.*, p. 3). Plaintiff alleges that the employee called the police and told the police officer who responded to the call that plaintiff "had stolen an item out of [UDF]." (*Id.*). Plaintiff further avers:

> The police officer asked me for ID, then I . . . handed the police officer my ID, then the worker from [UDF] walk up from the store to then lie telling the police officer I . . . had stolen a[n] item from the store. . . . Then the police officer ask me to take the items out of my book bag to see if I had any stolen items[.] There was no stolen items in my book bag, then the police handed me back my ID and then walked back to his car and got in and drove off.

(*Id.*). As relief, plaintiff requests $2,200,000.00 in damages. (*Id.*, p. 4).

In this case, plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this Court has subject matter jurisdiction.

First, to the extent plaintiff seeks to invoke the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, both plaintiff and the named defendant are domiciled in Ohio. Therefore, this Court lacks subject matter jurisdiction on

the basis of diversity of citizenship.

District courts also have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). In this case, plaintiff has not cited, nor can the undersigned discern from the facts alleged in the complaint, any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief.

Plaintiff brings this action against a private business enterprise, not a public governmental entity. Although plaintiff has not expressly asserted a claim of discrimination, to the extent that the complaint may be liberally construed as suggesting such a claim, plaintiff is unable to invoke the Fourteenth Amendment's Equal Protection Clause as a source for relief because the clause only applies to prohibit discrimination by the government and "erects no shield against merely private conduct." *See Shelley v. Kraemer,* 334 U.S. 1, 13 (1948); *see also Hurley v. Irish-American Gay, Lesbian & Bisexual Group of Boston,* 515 U.S. 557, 566 (1995); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998).

Plaintiff's allegations also fall short of stating a claim for relief under 42 U.S.C. § 1981, which prohibits "intentional racial discrimination" by both public and private actors. *See Amini v. Oberlin College*, 440 F.3d 350, 358 (6th Cir. 2006) (citing *Christian v. Wal-Mart Stores, Inc.,* 252 F.3d 862, 867-68 (6th Cir. 2001)); *see also Chapman v. Higbee Co.*, 319 F.3d 825, 829-32 (6th Cir. 2003) (holding that § 1981 provides a cause of action against a private party not only in the context of making and enforcing contracts, but also under the statute's "equal benefit

4

clause"). To state a claim under § 1981 in the non-employment context, the plaintiff must allege facts showing that (1) plaintiff is a member of a protected class; (2) plaintiff sought to make or enforce a contract for services ordinarily provided by the defendant; and (3) plaintiff was "denied the right to enter into or enjoy the benefits or privileges of the contractual relationship" in that plaintiff "was deprived of services while similarly situated persons outside the protected class were not" or was treated in a "markedly hostile manner" that a reasonable person would find "objectively discriminatory." *Christian,* 252 F.3d at 872; *see also Keck v. Graham Hotel Sys., Inc.,* 566 F.3d 634, 639 (6th Cir. 2009).

Here, the complaint does not identify the race of either plaintiff or the store employee and contains no allegations even remotely suggesting that UDF promoted, endorsed or acquiesced in any discriminatory conduct by the employee. Furthermore, plaintiff has not alleged any facts from which the Court could plausibly infer that plaintiff is a member of a protected class who was deprived of services provided to other similarly situated persons outside the protected class. The mere allegation that plaintiff was falsely accused of stealing by the store employee is simply insufficient, standing alone, to support the inference that plaintiff was treated by UDF in an "objectively discriminatory" manner. *Contrast Christian,* 252 F.3d at 864-66, 874-80 (reversing the district court's grant of judgment as a matter of law to Wal-Mart on the plaintiff's § 1981 claim, where it was shown that plaintiff, who is black, was treated differently from her white companion by a Wal-Mart employee while shopping at Wal-Mart and was ejected with her companion from the store by the supervising store manager after she was falsely accused of shop-lifting by the employee).

In addition, plaintiff has not stated an actionable federal claim under 42 U.S.C. § 1983

against UDF. In order to allege a cognizable § 1983 civil rights claim, plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Hines v. Langhenry*, 462 F. A'ppx 500, 503 (6th Cir. 2011) (citing *Boykin v. Van Buren Twp.,* 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). Plaintiff has not stated a viable § 1983 claim because, as discussed above, the named defendant is a private business enterprise, not a state actor. "[To] act 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks,* 449 U.S. 24, 28 n.4 (1980) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970); *United States v. Price*, 383 U.S. 787, 794 (1966)). However, absent any allegation suggesting that such a conspiracy or joint action took place, no § 1983 liability can attach to a private actor.

Here, plaintiff has not alleged any facts to suggest that the UDF store employee acted jointly with the police or other state agent. Indeed, given that the police officer who responded to the employee's call did not initiate a criminal prosecution or even arrest plaintiff, it is clear from the face of the complaint that no conspiracy or "joint action" was involved in this case. Courts have uniformly held that "a private party does not conspire or jointly act with a state actor simply by complaining to the police," and that even "providing false information to an arresting officer is not, by itself, sufficient to state a claim against that private party under § 1983." *See D'Agostino v. New York State Liquor Auth.*, 913 F. Supp. 757, 770 (W.D.N.Y.) (and cases cited therein), *aff'd*, __ F. App'x __, 104 F.3d 351 (2nd Cir. 1996); *see also Clarke v. Cnty. of Broome,* No. 1:10-CV-399 MAD/ATB, 2012 WL 1005086, at *12 (N.D.N.Y. Mar. 23, 2012) (and cases

cited therein) ("The provision of information to, or the summoning of, police officers is not sufficient to constitute joint action with state actors for purposes of § 1983, even if the information provided is false or results in the officers taking affirmative action.") (internal citation and quotation omitted). *Cf. Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) (citing *Briscoe v. LaHue,* 460 U.S. 325, 329 (1983); *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983)) (in holding that the plaintiff could not maintain an action under § 1983 against a private citizen for "fabricating evidence or withholding exculpatory evidence" in the absence of evidence that the "private conduct [was] fairly attributable to the state," the Sixth Circuit stated: " Providing information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken 'under color of law.'"), *cert. denied*, 130 S.Ct. 3504 (2010). Thus, to the extent plaintiff alleges the UDF employee's summoning of and provision of false information to the police resulted in a violation of the plaintiff's constitutional rights under the Fourth Amendment, plaintiff's allegations are insufficient to state a viable § 1983 claim against UDF.

In any event, UDF cannot be held vicariously liable under § 1983 based on the theory of *respondeat superior* for the actions of its employees. *Cf. Iqbal,* 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 690-92 (1978); *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000); *see also Davis v. Bexley Police Dep't*, No. 2:08cv750, 2009 WL 414269, at *2 (S.D. Ohio Feb. 17, 2009). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). A superior may not be held liable under § 1983 for the misconduct of its employees unless the plaintiff demonstrates that "the supervisor encouraged the specific incident

7

of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421; *see also Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002). *Cf. Christian,* 252 F.3d at 876-78 (holding that Wal-Mart was not shielded from liability for intentional racial discrimination under § 1981 because the plaintiffs offered sufficient evidence to show a "causal nexus" between the store employee's prejudice and the senior store manager's decision, which was based "exclusively" on that employee's version of events, to have the plaintiffs escorted out of the store). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending [employee or agent]." *Combs,* 315 F.3d at 558 (quoting *Hays v. Jefferson Cnty., Ky.,* 668 F.2d 869, 874 (6th Cir. 1982)); *see also McQueen v. Beecher Cmty. Schools*, 433 F.3d 460, 470 (6th Cir. 2006); *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee*, 199 F.3d at 300. Therefore, even assuming solely for the sake of argument that state action could be attributed to UDF, plaintiff's complaint fails to state a cognizable § 1983 claim in the absence of any allegations that the UDF employee acted under a UDF directive, policy or custom, or that UDF otherwise implicitly authorized, approved or acquiesced in any unconstitutional conduct by the employee.

Finally, pendent jurisdiction under 28 U.S.C. § 1367 should not be exercised to consider any state-law claims that are alleged in the complaint because plaintiff has failed to state a viable federal claim. *See United States Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384-85

8

(6th Cir. 2003)) ("If the federal claims are all dismissed before trial, the state claims generally should be dismissed as well.").

Accordingly, in sum, the Court concludes that plaintiff's complaint is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B) and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3).[1]

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

                          *s/Stephanie K. Bowman*
                          Stephanie K. Bowman
                          United States Magistrate Judge

---

[1] Where there is no basis for federal jurisdiction apparent on the face of the complaint, a court may dismiss the action as frivolous and for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *See Carlock v. Williams*, No. 98-5545, 1999 WL 454880, at *2 (6th Cir. June 22, 1999). However, the dismissal is no bar to refiling the suit in state court.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARRIAN RACHEL,
    Plaintiff,

vs

UNITED DAIRY FARMERS,
    Defendant.

Case No. 1:12-cv-575

Spiegel, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).