```
                   UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

DARRIAN RACHEL,                  :         NO. 1:12-CV-575
                                 :
    Plaintiff,                   :
                                 :
    v.                           :         **OPINION AND ORDER**
                                 :
UNITED DAIRY FARMERS,            :
                                 :
    Defendant.                   :

       This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 4) and Plaintiff's Objection (doc. 5). For the reasons indicated herein, the Court REJECTS and REVERSES the Magistrate Judge's Report and Recommendation.

       This case involves Plaintiff's allegations that, as a customer of Defendant, she was falsely accused of stealing, which was proven untrue after a police investigation. Her _pro se_ Complaint invokes subject matter jurisdiction based on 28 U.S.C. § 1331, that is, "a lawsuit 'arising under the Constitution, laws, or treaties of the United States'" (doc. 3). Attached to her Complaint is a letter to Defendant in which Plaintiff indicates she is a disabled person (_Id._).

       In her Report and Recommendation, the Magistrate Judge noted that "[a]lthough a plaintiff's _pro se_ complaint must be 'liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers,' the complaint must 'give the defendant fair notice of what the. . .claim is and the grounds upon

which it rests' (doc. 4, citing Erikson v. Pardus, 551 U.S. 89, 93 (2007)(per curiam)). After reviewing the Complaint, however, the Magistrate Judge concluded it should be dismissed as frivolous (Id.). In arriving at such conclusion, the Magistrate Judge surveyed a wide array of law, including rejecting the existence of diversity jurisdiction, finding no applicable federal statutory or constitutional provision, and no actionable equal protection claim (Id.). The Magistrate Judge further found no claim for relief under 42 U.S.C. § 1981 for racial discrimination because the complaint "does not identify the race of either Plaintiff or the store employee and contains no allegations even remotely suggesting that [Defendant] promoted, endorsed or acquiesced in any discriminatory conduct by the employee" (Id.). The Magistrate also found no viable Section 1983 claim as there are no allegations of action in concert with state actors, and no pendent state law claims due to the lack of any viable federal claims (Id.). The Magistrate Judge essentially concluded Plaintiff's Complaint should be deemed frivolous, citing authority regarding actions having "no arguable basis when the allegations are delusional or rise to the level of irrational or 'wholly incredible'" (Id. quoting Denton v. Hernandez, 504 U.S. at 32, (1992)).

     Plaintiff filed a late objection to the Magistrate Judge's Report and Recommendation, essentially invoking her federal rights against discrimination in places of public accommodation


which it rests' (doc. 4, citing Erikson v. Pardus, 551 U.S. 89, 93 (2007)(per curiam)). After reviewing the Complaint, however, the Magistrate Judge concluded it should be dismissed as frivolous (Id.). In arriving at such conclusion, the Magistrate Judge surveyed a wide array of law, including rejecting the existence of diversity jurisdiction, finding no applicable federal statutory or constitutional provision, and no actionable equal protection claim (Id.). The Magistrate Judge further found no claim for relief under 42 U.S.C. § 1981 for racial discrimination because the complaint "does not identify the race of either Plaintiff or the store employee and contains no allegations even remotely suggesting that [Defendant] promoted, endorsed or acquiesced in any discriminatory conduct by the employee" (Id.). The Magistrate also found no viable Section 1983 claim as there are no allegations of action in concert with state actors, and no pendent state law claims due to the lack of any viable federal claims (Id.). The Magistrate Judge essentially concluded Plaintiff's Complaint should be deemed frivolous, citing authority regarding actions having "no arguable basis when the allegations are delusional or rise to the level of irrational or 'wholly incredible'" (Id. quoting Denton v. Hernandez, 504 U.S. at 32, (1992)).

Plaintiff filed a late objection to the Magistrate Judge's Report and Recommendation, essentially invoking her federal rights against discrimination in places of public accommodation

(doc. 5). Plaintiff's objection initially fails to explicitly identify on what basis, whether race, color, religion, or national origin, but later appears to invoke civil rights protections for those "born or naturalized in the United States" (Id.).

Having reviewed this matter, the Court finds, having the benefit of Plaintiff's objection, which the Magistrate Judge did not, that it is plausible that Plaintiff is alleging she was treated illegally due to her national origin. As the Magistrate Judge noted, pro se litigants are held to less stringent standards and their complaints are liberally construed. In the Court's view, Defendant is on fair notice that its employee allegedly falsely accused Plaintiff of stealing, which could be seen as a method of harassing some one of a different national origin in a "markedly hostile manner". Christian v. Wal-Mart Stores, Inc., 252 F.3d at 872 (6th Cir. 2001). Such analysis does not even include the possibility of discrimination based on Plaintiff's alleged disability, or any pendent state law claim.

In arriving at such conclusion, the Court is not finding that the record as it stands supports a strong case, but rather there is enough before the Court to show that Plaintiff's claims merit investigation and not just dismissal. Clearly Plaintiff needs to amend her Complaint if she wishes to withstand a motion by Defendant to dismiss her case. However, taking into consideration the liberal construction due pro se litigants, and rejecting the

concept that a person falsely accused of stealing could not have rational, credible, non-frivolous allegations based on denial of access to public accommodation, the Court hereby REJECTS and REVERSES the Magistrate Judge's Report and Recommendation (doc. 4).

    SO ORDERED.

Dated: October 2, 2012          /s/ S. Arthur Spiegel
                                      S. Arthur Spiegel
                                        United States Senior District Judge