DARRIAN RACHEL,                                        Case No. 1:12-cv-575
          Plaintiff,

                                                       Spiegel, J.
     vs                                                Bowman, M.J.


UNITED DAIRY FARMERS,                                  **REPORT AND**
          Defendant.                                   **RECOMMENDATION**


On July 30, 2012, plaintiff  initiated the instant action by filing an *in forma pauperis*

application in connection with a complaint for damages against United Dairy Farmers (UDF), a

business located in Cincinnati, Ohio.  (*See* Docs. 1, 3).  Plaintiff essentially claimed in the

complaint that a UDF employee falsely accused him of stealing an item from a UDF store.  (Doc.

3, p. 3).[1]  As relief, plaintiff requested $2,200,000.00 in damages.  (*Id.*, p. 4).

On August 10, 2012, the undersigned granted plaintiff leave to proceed *in forma pauperis*

and issued a Report and Recommendation to dismiss the complaint on the ground that plaintiff's

allegations were "insufficient to state a claim with an arguable basis in law over which this Court

has subject matter jurisdiction."  (Doc. 2; Doc. 4, p. 3).  In the Report and Recommendation, it

was recommended that the complaint be dismissed because diversity jurisdiction is lacking and

plaintiff had not alleged an actionable claim for relief under federal law.  (*See* Doc. 4, pp. 3-4).

Specifically, it was determined that (1) plaintiff's cause of action against a private business for

the actions of one of its employees did not state a claim of discrimination by the government

under the Fourteenth Amendment's Equal Protection Clause or a viable claim for relief under 42

U.S.C. § 1983; and (2) plaintiff's allegations fell "short of stating a claim for relief under 42

---

[1] Although plaintiff did not indicate his gender in the complaint that was initially filed, it appears from the
police report attached to the amended complaint that plaintiff is a male.  (*See* Doc. 10, attachment).

U.S.C. § 1981, which prohibits 'intentional racial discrimination' by both private and public

actors." (*See id.*, pp. 4-8).

Plaintiff filed objections to the Report and Recommendation. (Doc. 5). On October 2,

2012, the District Court issued an Opinion and Order rejecting and reversing the undersigned's

August 10, 2012 Report and Recommendation to dismiss the complaint. (Doc. 6). In so ruling,

the Court reasoned in pertinent part:

> Plaintiff filed a late objection to the Magistrate Judge's Report and
> Recommendation, essentially invoking [his] federal rights against discrimination
> in places of public accommodation. . . . Plaintiff's objection initially fails to
> explicitly identify on what basis, whether race, color, religion, or national origin,
> but later appears to invoke civil rights protections for those "born or naturalized in
> the United States".

> Having reviewed this matter, the Court finds, having the benefit of Plaintiff's
> objection, which the Magistrate Judge did not, that it is plausible that Plaintiff is
> alleging [he] was treated illegally due to [his] national origin. . . . In the Court's
> view, Defendant is on fair notice that its employee allegedly falsely accused
> Plaintiff of stealing, which could be seen as a method of harassing some one of a
> different national origin in a "markedly hostile manner". . . . Such analysis does
> not even include the possibility of discrimination based on Plaintiff's alleged
> disability, or any pendent state law claim.

> *In arriving at such conclusion, the Court is not finding that the record as it stands*
> *supports a strong case, but rather there is enough before the Court to show that*
> *Plaintiff's claims merit investigation and not just dismissal. Clearly Plaintiff*
> *needs to amend [his] Complaint if [he] wishes to withstand a motion by*
> *Defendant to dismiss [his] case.* However, taking into consideration the liberal
> construction due *pro se* litigants, and rejecting the concept that a person falsely
> accused of stealing could not have rational, credible, non-frivolous allegations
> based on denial of access to public accommodation, the Court hereby REJECTS
> and REVERSES the Magistrate Judge's Report and Recommendation.

(*Id.*, pp. 2-4) (emphasis added).

In accordance with the Court's order suggesting that amendment of the complaint is

necessary to survive a motion to dismiss, and "in order to determine whether or not plaintiff is

actually able to state a claim upon which relief may be granted by this Court," the undersigned

issued an Order on October 4, 2012, requiring plaintiff to file an amended complaint, "in which plaintiff may allege actionable facts as pointed out by the District Court." (Doc. 7).

Plaintiff has filed an amended complaint, which is now before the Court for *sua sponte* review. Because plaintiff has been granted pauper status, the Court must make a determination whether the matter should be allowed to proceed or, conversely, whether the amended complaint, or any portion of it, should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). As discussed in the prior Report and Recommendation (*see* Doc. 4, pp. 1-3), Congress has authorized federal courts to dismiss an *in forma pauperis* complaint at the screening stage not only on the ground that the complaint is frivolous or malicious, but also on the ground that it fails to state a claim upon which relief may be granted. *See id.*; *see also Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

The amended complaint contains the following factual allegations:

On and about July 20, 2012, I . . . was at the United Dairy Farmers Store #3[,] . . . 7043 Montgomery Rd Silverton OH 45236[,] purchasing a small vanilla malt, cost $3.19[.] Then I . . . walked to the area in the store w[h]ere you can s[i]t and drink and eat. As I seated myself and started to eat the Bar-BQ sandwich that I microwaved in the store microwave oven[,] to make a long statement of facts short[,] a United Dairy Farmers employee started [to] haller and haller at me . . . asking me was I going to buy another item[.] I said yes[.] The UDF employee continued to haller so Plaintiff . . . got up and told the UDF employee that I am going to go out of this store . . . before we get into it[.] The UDF employee said do not run[.] I continued to walk out[.] Now Plaintiff is outside UDF Store #3[.] Plaintiff walked to bus stop near ch[ur]ch and waited for bus[.] The UDF employee call the Silverton Police Dept. and say that I . . . may have stolen some items out of United Dairy Farmers Store #3[.] The United Dairy Farmers employee may have call . . . the Silverton Police Department to cover up his wrongful actions.

I am a disable[d] person trying to be able.

(Doc. 10, p. 3).  Plaintiff claims that he was denied "the equal protection of the laws" by UDF.  (*Id.*, p. 4).  As relief, plaintiff requests only that "the court grant/award Plaintiff's claim."  (*Id.*).

As an initial matter, as discussed in the prior Report and Recommendation, the Court lacks diversity jurisdiction over this matter filed by a Cincinnati resident against a Cincinnati-based business.  (*See* Doc. 4, pp. 3-4).  Moreover, to the extent plaintiff claims this Court has subject matter jurisdiction based on a federal constitutional or statutory provision, "plaintiff is unable to invoke the Fourteenth Amendment's Equal Protection Clause as a source for relief because the clause only applies to prohibit discrimination by the government and 'erects no shield against merely private conduct.'"  (*Id.*, p. 4) (quoting *Shelley v. Kramer*, 334 U.S. 1, 13 (1948)).  Finally, plaintiff  has not stated an actionable federal claim under 42 U.S.C. § 1983 because (1) plaintiff's allegations are insufficient to give rise to a claim that the UDF store employee was acting under color of state law by summoning and providing false information to the police; and (2) in any event, plaintiff has not stated a claim upon which relief may be granted against UDF in the absence of allegations that the store employee acted under a UDF directive, policy or custom, or that UDF implicitly authorized, approved or acquiesced in the employee's allegedly discriminatory conduct.  (*See id.*, pp. 5-8).  Because pendent jurisdiction under 28 U.S.C. § 1367 should not be exercised unless plaintiff has stated a viable federal claim, this Court must therefore determine whether the amended complaint's allegations are sufficient to state a claim of discrimination under the only other arguably applicable federal statutory provisions, which are set forth in 42 U.S.C. § 1981; Title II of the Civil Rights Act of 1964 (CRA), 42 U.S.C. § 2000a, *et seq.*; and Title III of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12181, *et seq.*

As discussed in the prior Report and Recommendation, 42 U.S.C. § 1981 prohibits intentional racial discrimination by both public and private actors. (Doc. 4, p. 4) (citing *Amini v. Oberlin College*, 440 F.3d 350, 358 (6th Cir. 2006); *Chapman v. Higbee Co.*, 319 F.3d 825, 829-32 (6th Cir. 2003); *Christian v. Wal-Mart Stores, Inc.,* 252 F.3d 862, 867-68 (6th Cir. 2001)). Only claims of intentional discrimination on the basis of a person's race or ethnicity, as opposed to "national origin," are cognizable under § 1981. *See Amini v. Oberlin College*, 259 F.3d 493, 502-03 (6th Cir. 2001) (citing *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987)). To state a claim under § 1981 in the non-employment context, the plaintiff must allege facts showing that (1) plaintiff belongs to a protected class of persons who are subject to discrimination on the basis of their race; (2) plaintiff sought to make or enforce a contract for services ordinarily provided by the defendant; and (3) plaintiff was "denied the right to enter into or enjoy the benefits or privileges of the contractual relationship" in that plaintiff "was deprived of services while similarly situated persons outside the protected class were not" or was treated in a "markedly hostile manner" and in a manner that a reasonable person would find "objectively discriminatory." *Christian,* 252 F.3d at 872; *see also Keck v. Graham Hotel Sys., Inc.,* 566 F.3d 634, 639 (6th Cir. 2009); *Amini,* 440 F.3d at 358.

Here, the District Court granted plaintiff the opportunity to file an amended complaint to the extent that the UDF store employee's false accusation of stealing "could be seen as a method of harassing some one of a different [race] in a 'markedly hostile manner.'" (Doc. 6, p. 3) (citing *Christian,* 252 F.3d at 872). However, the allegations set forth in the amended complaint still fail to state a claim of intentional racial discrimination under § 1981 against UDF. Although it appears from the police report attached to the amended complaint that plaintiff is African-American (*see* Doc. 10, attachment), plaintiff does not refer to his race or the store employee's

race in the substance of the amended complaint and, most importantly, has not alleged any facts to suggest that he was denied the right to make or enforce a contract with UDF because of his race. *Contrast Christian*, 252 F.3d at 864-66, 874-80 (finding Wal-Mart was liable for intentional racial discrimination under § 1981 where (1) the plaintiff shopper, who is black, was watched and treated with greater suspicion than her white companion before being falsely accused of shoplifting by Wal-Mart store employees; and (2) the supervisory store manager, acting as Wal-Mart's representative, interfered with the plaintiff's right of contract with imputed discriminatory animus by forcing plaintiff to leave the store with her companion based solely on the version of events relayed to him by one of the store employees who had treated plaintiff in an "objectively discriminatory" manner).[2]

Indeed, it appears from the face of the amended complaint that, in contrast to *Christian*, plaintiff was allowed to "make [and] enforce a contract for services ordinarily provided by the defendant" to the extent that he purchased a malt at UDF and even used the store's microwave oven to heat a sandwich, which the store employee conceivably could have assumed was also obtained from UDF. Unlike the plaintiff in *Christian*, plaintiff was not ejected from the store, but instead chose to leave rather than respond to the store employee when he began to yell at plaintiff, demanding whether plaintiff was going to pay for another item (presumably the sandwich plaintiff had microwaved); the store employee summoned the police based on the charge that plaintiff "*may* have just stolen some food products from the . . . store" only after plaintiff left the store without addressing the employee's concern regarding payment owed for another item. (*See* Doc. 10, p. 3 & attachment) (emphasis added). In the absence of any

_____

[2] It is further noted that one of the store employees in *Christian* admitted telling police officers who were summoned to the store that "if they removed [the plaintiff from the store], they should also remove [her companion] so that it would not become a racial issue." *Christian*, 252 F.3d at 866.

allegation suggesting that plaintiff was denied the opportunity to purchase items from UDF or was ejected from the store, and in the absence of any allegation suggesting that the UDF employee was motivated by racial animus in his hostile treatment of plaintiff or in summoning the police to investigate whether plaintiff had stolen food items from UDF, the mere fact that plaintiff is black and the police officer's search of plaintiff's backpack ultimately revealed plaintiff "had food products he had purchased from another store earlier that day" is insufficient to state an actionable claim under § 1981 of intentional racial discrimination by UDF.

In addition, plaintiff has not stated a claim upon which relief can be granted to the extent he seeks to invoke this Court's jurisdiction based on Title II of the CRA, 42 U.S.C. § 2000a, *et seq.*, or Title III of the ADA, 42 U.S.C. § 12181, *et seq.* Title II of the CRA prohibits discrimination on the basis of "race, color, religion, or national origin" in places of public accommodation. *See* 42 U.S.C. § 2000a(a); *see also Xuli Zhang v. Ross Store Inc.*, No. 1:10cv1328, 2011 WL 8129471, at *2 (E.D. Va. May 17, 2011). Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a); *see also Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2nd Cir. 2008).

As discussed above in addressing whether plaintiff has stated a claim under 42 U.S.C. § 1981, plaintiff has not alleged any facts suggesting that the UDF store employee's conduct amounted to discrimination on the prohibited basis of race, national origin or disability. In any event, neither Title II of the CRA nor Title III of the ADA provides a remedy capable of redressing any injury that was caused by the employee's actions. Both statutes provide only for injunctive relief, not damages. *See* 42 U.S.C. § 2000a-3(a); 42 U.S.C. § 12188(a); *see also Bradley v. School Bd. of City of Richmond,* 416 U.S. 696, 719 (1974) (quoting *Newman v. Piggie*

7

*Park Enterprises, Inc.,* 390 U.S. 400, 401-02 (1968)) ("When a plaintiff brings an action under [Title II of the CRA], he cannot recover damages."); *Southwell v. Summit View of Farragut, LLC,* __ F. App'x __, No. 11-5992, 2012 WL 3340176, at *3 (6th Cir. Aug. 9, 2012) ("Title III of the ADA provides only injunctive relief, not monetary damages, to successful plaintiffs."); *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 293 (6th Cir. 1999) (pointing out that the enforcement statute for Title III ADA claims "is 42 U.S.C. § 12188, which incorporates the remedies of 42 U.S.C. § 2000a-3(a), and that section does not include money damages;" also noting that § "12188(b) permits money damages to an aggrieved person but only in a discrimination case brought by the Attorney General").

Injunctive relief is unavailable in this case because plaintiff's alleged injury is based on one incident that happened in the past when he was falsely accused by a UDF employee of stealing items from a UDF store. In the absence of any allegation of continuous or ongoing discrimination by UDF against plaintiff, plaintiff has not stated a cause of action that may be remedied by way of injunctive relief under either Title II of the CRA or Title III of the ADA. *See O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."); *cf. Stan v. Wal-Mart Stores, Inc.*, 111 F. Supp.2d 119, 125-27 (N.D.N.Y. 2000) (and cases cited therein) (holding that the plaintiff, who is blind and requires the use of a service dog, and "may have been subjected to humiliation and inexcusable treatment by Defendants' employees on several occasions" in the past, was not entitled to injunctive relief under Title III of the ADA in the absence of a showing that the alleged discrimination was "continuous or ongoing" or that it was likely plaintiff would be "exposed to any future harm").

Accordingly, in sum, the undersigned concludes that plaintiff's amended complaint is subject to dismissal under 28 U.S.C. 1915(e)(2)(B) because plaintiff's allegations are insufficient to allege a claim upon which relief may be granted by this Court.[3]

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's amended complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[3]As noted in the previous complaint, where there is no basis for federal jurisdiction apparent on the face of the complaint, a court may dismiss the action as frivolous and for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *See Carlock v. Williams*, No. 98-5545, 1999 WL 454880, at *2 (6th Cir. June 22, 1999). Such a dismissal is no bar to refiling the suit in state court.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DARRIAN RACHEL,                         Case No. 1:12-cv-575
      Plaintiff,

                                      Spiegel, J.

     vs                           Bowman, M.J.

UNITED DAIRY FARMERS,
      Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc